# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1729

_____

Matthew A. Suschanke

*Plaintiff - Appellant*

v.

Thomas Neske, individually; Board of Police Commissioners of the City of St. Louis; Bettye Battle-Turner, In her official capacity as President of the Board of Police Commissioners of the City of St. Louis; Richard H. Gray, In his official capacity as Vice-President of the Board of Police Commissioners of the City of St. Louis; Jerry Lee, In his official capacity as Purchasing Member of the Board of Police Commissioners of the City of St. Louis; Francis G. Slay, In his official capacity as Ex-Officio Member of the Board of Police Commissioners of the City of St. Louis; Michael Gerdine, In his official capacity as Treasurer of the Board of Police Commissioners of the City of St. Louis

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: February 21, 2013
Filed: February 26, 2013
[Unpublished]

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Matthew Suschanke appeals the district court's[1] dismissal of his complaint brought under 42 U.S.C. § 1983 and state law. Having carefully reviewed the record, we agree with the district court that Suschanke failed to state a section 1983 claim against Thomas Neske for false arrest, see Garionis v. Newton, 827 F.2d 306, 310 (8th Cir. 1987) (person who is already under arrest and in police custody cannot be "rearrested"), or for either excessive force or violation of intimate-association rights, see King v. Olmsted Cnty., 117 F.3d 1065, 1067-68 (8th Cir. 1997) (mere verbal threats generally do not support § 1983 claim). Thus, Suschanke failed to state similar claims against the City of St. Louis Board of Police Commissioners (Board). See Moore v. City of Desloge, Mo., 647 F.3d 841, 849 (8th Cir. 2011) (municipal liability for failure to train or supervise cannot attach unless individual liability is first found on underlying substantive claim); Moyle v. Anderson, 571 F.3d 814, 817 (8th Cir. 2009) (municipal liability under § 1983 requires showing of constitutional violation pursuant to official custom, policy, or practice of governmental entity); Brown v. Fortner, 518 F.3d 552, 559 n.1 (8th Cir. 2008) (§ 1983 claims cannot be based on respondeat superior or vicarious liability). Having properly dismissed the federal claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Suschanke's state-law false-imprisonment claims against Neske and the Board. See 28 U.S.C. § 1367(c)(3).

Accordingly, we affirm, see 8th Cir. R. 47B, clarifying that the dismissal of the state-law claims is without prejudice, see Labickas v. Ark. State Univ., 78 F.3d 333, 334-35 (8th Cir. 1996) (per curiam).

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

-2-